REQUESTED BY: Arthur Duerschner, Executive Director, Nebraska State Board of Examiners For Professional Engineers and Architects.
Whether the statutory language of § 81-848 requires the Board of Examiners to approve, under § 81-847, only those programs or colleges with a nationally accredited professional curriculum.
No.
In your letter of September 11, 1984, you indicated that a problem of construction may exist in Neb.Rev.Stat. §§ 81-847
and 81-848 (Cumm.Supp. 1984) over the following phrases:
 81-847 `. . . approved course in engineering or architecture in a school or college approved by the board as of satisfactory standing. . .'
 81-848 `. . . (1) Graduation, after a course of not less than 4 years in engineering or architecture from a school or college with a nationally accredited professional curriculum. . .
 . . . (2) graduation, after a course of not less than five years in engineering or architecture from a school or college with a nationally accredited professional curriculum. . .'
Your letter suggested two options for dealing with the problem of how academic programs are evaluated. The first option suggested that § 81-847 and § 81-848 need to be considered together, and that § 81-848 provides the standard by which the board shall judge whether a program is approved under § 81-847. While it will become apparent that § 81-847
and § 81-848 are to be read together, it is our opinion that this would not be a proper interpretation of the requirements of these statutes.
A fundamental principal of statutory construction is to attempt to ascertain legislative intent and to give effect to that intent. Spence v. Terry, 215 Neb. 810,340 N.W.2d 884 (1983). The intention of the Legislature is to be found in the ordinary meaning of the words of a statute in the connection in which they are used. Adkisson v. City ofColumbus, 214 Neb. 129, 333 N.W.2d 661 (1983). Finally, in determining the intent of legislative acts, the Supreme Court considers the history of the legislation and weighs reasonable interpretation against unreasonable or absurd construction. Otto v. Hahn, 209 Neb. 114, 306 N.W.2d 587
(1981).
Given these guidelines, it appears to us that option (two) which you suggested, more closely reflects the intention of the Legislature, and the plain meaning of the statute.
Section 81-848 establishes three alternative minimum evidentiary standards, one of which must be met before the board may consider an applicant fully qualified to practice professional engineering or architecture. The first two standards require either graduation from a school with a nationally accredited professional curriculum, or completion of a satisfactory work experience in a nationally recognized intern development program, in addition to passing two written examinations. Section 81-848(3) provides a minimum standard of passing the two written examinations following a specific record of ten years or more of active practice in engineering or architectural work, of a character satisfactory to the board. The legislative intent derived from the plain and ordinary meaning of the words of this section is to provide a minimum standard for board approval which does not require graduation from a school with a nationally accredited professional program.
In § 81-847, the Legislature expresses an intent that a year of `active practice' as required by § 81-848 may be satisfied by the satisfactory completion of a year of an approved course in engineering or architecture in a school or college approved by the board as of satisfactory standing. Your question is whether the `approved course' mentioned in this section may be approved only if it is part of a nationally accredited professional curriculum.
It is our opinion that the legislative intent was to allow the board to approve satisfactory nonaccredited professional programs in engineering or architecture. The sole purpose of this particular language in § 81-847 is to define what educational experience may qualify as `active practice' under § 81-848(3). The full language of this clause states, `The satisfactory completion of each year of an approved course in engineering or architecture in a school or college approved by the board as of satisfactory standing, with orwithout graduation, shall be considered as equivalent to a year of active practice.' (Emphasis added.) The highlighted language is essential in construing the legislative intent. By the use of the words `with graduation', the statute implies that an applicant could graduate and yet still have his years of education apply as years of active service under § 81-848(3). If the board could only approve a school or college with a nationally accredited professional curriculum, this would not be possible, for upon graduation, an applicant would fall under the minimum standards set forth in §§ 81-848(1)(2); and education, already having been calculated into the requirements, would no longer be necessary or applicable as a substitute for active practice. Such an interpretation would render the words `with graduation' superfluous.
Furthermore, it must be noted that in testimony before the Committee on Government, Military and Veteran's Affairs, Arthur Johnson, Chairman of the Government Affairs Committee of the Nebraska Society of Architects expressed an intention that the board, under § 81-847, could approve a nonaccredited program. Eighty-Eighth Nebraska Legislature, First Session, Government, Military Veteran's Affairs Committee Records on LB 516, p. 22 (1983).
It is our opinion, therefore, that § 81-847 as it applies to § 81-848(3), is addressed not only to nongraduates of a school or college with a nationally accredited professional curriculum, but also addressed to nongraduates and graduates who have not had the benefit of a nationally accredited professional curriculum but many have attended a program considered by the board as of satisfactory standing.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Ruth Anne E. Galter Assistant Attorney General
APPROVED:
Paul L. Douglas
Attorney General